**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 99-4316

CALVIN MORRIS WHITFIELD, JR.,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-98-373)

Submitted: September 8, 1999

Decided: September 24, 1999

Before LUTTIG, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Keith N. Hurley, CAWTHORN, PICARD & ROWE, P.C., Rich-
mond, Virginia, for Appellant. Helen F. Fahey, United States Attor-
ney, N. George Metcalf, Assistant United States Attorney, Richmond,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Calvin Morris Whitfield pled guilty to possession with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. § 841(a) (1994). In his plea agreement, he reserved the right to appeal the denial of his motion to suppress evidence. See Fed. R. Crim. P. 11(a)(2). On appeal, he contends that the district court erred in concluding that he was not seized in violation of the Fourth Amendment and that he voluntarily consented to a search of his bag. We have reviewed the briefs and joint appendix and find no reversible error.

After a thorough review of the transcript of the hearing on the motion to suppress, we hold that under the totality of the circumstances, a reasonable person in Whitfield's position would have felt free to terminate the encounter on the bus. See Florida v. Bostick, 501 U.S. 429, 438-39 (1991); United States v. Gray , 883 F.2d 320, 322-23 (4th Cir. 1989) (discussing factors courts consider in determining whether seizure occurred). We also hold that Whitfield voluntarily consented to the search of his bag where he had concealed the drugs. See Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973); United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996) (outlining appropriate factors to consider). Finally, we find that Whitfield's reliance on United States v. Washington, 151 F.3d 1354 (11th Cir. 1998), is misplaced because Washington is distinguishable on its facts. Therefore, we find no error in the district court's denial of the motion to suppress. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992) (providing standard of review).

Accordingly, we affirm Whitfield's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED